

FILED

NOV 20 2018

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2018-02
NOVEMBER 20, 2018 SESSION**

**UNITED STATES OF AMERICA**

**v.**

**KIMBERLY HALL,
    also known as Kimberly Jenkins**

CRIMINAL NO. 1:18 - 00275

42 U.S.C. § 408(a)(5)
42 U.S.C. § 1383a(a)(3)(B)
18 U.S.C. § 1001(a)(2)

I N D I C T M E N T

The Grand Jury Charges:

**COUNT ONE**
**(Misuse of SSA by Representative Payee)**

1.   On or about March 6, 2007, defendant KIMBERLY HALL, also known as Kimberly Jenkins, applied with the Social Security Administration to become the Representative Payee for her minor child, a person known to this Grand Jury as First Known Person ("First Known Person"), for the First Known Person's Social Security Administration Title II Child's benefits ("SSA Child's benefits"). Defendant KIMBERLY HALL was accepted as Representative Payee for First Known Person. Defendant KIMBERLY HALL began to receive SSA Child's benefits retroactive to on or about March 2006 on behalf of First Known Person.

2.   At all relevant times, First Known Person's SSA Child's benefits were required to be used by defendant KIMBERLY HALL for

the care and benefit of First Known Person. As such, defendant KIMBERLY HALL had a continuing obligation to report to the Social Security Administration any change in custody or living arrangements that affected the First Known Person.

3.   In or about June 2011, First Known Person no longer resided with defendant KIMBERLY HALL and instead resided with other individuals designated by the West Virginia Department of Health and Human Resources in West Virginia. Neither First Known Person nor the other individuals who cared for First Known Person received SSA Child's benefits from defendant KIMBERLY HALL.

4.   From in or about June 2011, through in or about September 2016, defendant KIMBERLY HALL, as the Representative Payee of First Known Person's SSA Child's benefits, received approximately $51,588 in benefit payments that defendant KIMBERLY HALL converted to an unauthorized use.

5.   From in or about June 2011, through in or about September 2016, at or near Bluefield, Mercer County, and within the Southern District of West Virginia and elsewhere, defendant KIMBERLY HALL, having made application to receive SSA Child benefits payments as the Representative Payee for the use and benefit of First Known Person, and, having received such payments, knowingly and willfully converted the payments for her own unauthorized use and benefit.

In violation of Title 42, United States Code, Section 408(a)(5).

## COUNT TWO
### (Concealment of Event that Affects SSI Benefits)

1.  In or about April 2011, defendant KIMBERLY HALL applied with the Social Security Administration as a Representative Payee on behalf of her spouse, P.H., for Title XVI Supplemental Security Income Benefits ("SSI benefits").  Defendant KIMBERLY HALL was accepted as Representative Payee and was awarded and received SSI benefits in April 2011, on behalf of P.H.

2.  At all relevant times, the amount of benefits that defendant KIMBERLY HALL was entitled to receive as a Representative Payee was based, in part, on P.H. and defendant KIMBERLY HALL's income and living arrangements, including First Known Person residing with them.  As such, defendant KIMBERLY HALL had a continuing obligation to report to the Social Security Administration any change in income or living arrangements of First Known Person, as this would affect the SSI benefits paid to defendant KIMBERLY HALL, as Representative Payee.

3.  In or about June 2011, defendant KIMBERLY HALL failed to report to the Social Security Administration that First Known Person no longer resided with P.H. and defendant KIMBERLY HALL. As a result of this failure to report, the Social Security Administration paid defendant KIMBERLY HALL, as a Representative Payee, SSI benefits as though First Known Person resided with P.H. and defendant KIMBERLY HALL.  In fact, First Known Person no longer

resided with them and instead resided with other individuals designated by the West Virginia Department of Health and Human Resources.

4.    From in or about September 2011, through in or about November 2016, defendant KIMBERLY HALL, as Representative Payee, fraudulently collected approximately $27,705 from SSI benefits based on her concealment of and failure to disclose the fact that First Known Person no longer resided with P.H. and defendant KIMBERLY HALL.

5.    From in or about September 2011, through in or about November 2016, at or near Bluefield, Mercer County, West Virginia, and within the Southern District of West Virginia and elsewhere, defendant KIMBERLY HALL, having knowledge of the occurrence of an event affecting her continued right to receive and continue to receive SSI benefits for any other individual on whose behalf she applied for and is receiving such benefit, knowingly concealed and failed to disclose such event with an intent to fraudulently secure such SSI benefits in an amount and quantity greater than was due, that is, defendant KIMBERLY HALL knowingly concealed from and failed to disclose to the Social Security Administration the fact that First Known Person was no longer residing with P.H. and defendant KIMBERLY HALL, which fraudulently increased the amount of SSI benefits defendant KIMBERLY HALL was entitled to receive as Representative Payee on behalf of her spouse, P.H.

In violation of Title 42, United States Code, Section 1383a(a)(3)(B).

## COUNT THREE
**(False Statement to a Department or Agency of the United States)**

On or about November 9, 2016, at or near Bluefield, Mercer County, and within the Southern District of West Virginia and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, defendant KIMBERLY HALL made a materially false, fictitious, and fraudulent statement and representation by representing to a Social Security Administration Claims Representative that First Known Person resided with her in 2016, when, in fact, she did not so reside with defendant KIMBERLY HALL, and instead resided with other individuals who were designated by the West Virginia Department of Health and Human Resources.

In violation of Title 18, United States Code, Section 1001(a)(2).


MICHAEL B. STUART
United States Attorney


By: _____
ERIK S. GOES
Assistant United States Attorney